**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

───────────────────────────────

**In re:**

    **Nicholas W. Stanzione and**
    **Regina C. Stanzione,**      Filed & Entered      **Chapter 13 Case**
               **Debtors.**        On Docket        **# 07-10163**
                        September 24, 2007

───────────────────────────────

**Nicholas W. & Regina C. Stanzione and**
**Jan M. Sensenich, Chapter 13 Trustee,**
           **Plaintiffs,**                       **Adversary Proceeding**
      v.                                                  **# 07-1011**
**Bank of America, N.A.,**
           **Defendant.**

───────────────────────────────

*Appearances:*     *Gleb Glinka, Esq.*     *Jan M. Sensenich*     *David Dunn, Esq.*
                           *Cabot, VT*              *White River Junction, VT*     *Brattleboro, VT*
                           *Plaintiffs' Attorney*    *Trustee,* Pro Se       *Defendant's Attorney*

## **MEMORANDUM OF DECISION**
### **Granting, in Part, Defendant's Motion for Summary Judgment**
### **and Denying Plaintiffs' Cross-Motion for Summary Judgment**

        Nicholas W. Stanzione and Regina C. Stanzione (the "Debtors"), along with the Chapter 13 Trustee (together, the "Plaintiffs"), have filed a complaint seeking a declaration that, under the pertinent "strong-arm provisions" of the Bankruptcy Code, the Defendant's mortgage against the Debtors' home is null and void, based upon the notary public's failure to identify the parties who signed the mortgage in his acknowledgement of the instrument. Bank of America, N.A. (the "Defendant") has filed a Motion for Summary Judgment (doc. # 5) seeking (i) a determination that the acknowledgement on the subject mortgage is valid, (ii) the dismissal of the complaint, and (iii) a judgment against the Plaintiffs for its reasonable attorney's fees and costs. The Plaintiffs filed a cross-motion for summary judgment (doc. # 8), seeking a determination that the subject mortgage is invalid and unenforceable as a result of the defective acknowledgement. For the reasons set forth below, the Court finds the defect in the acknowledgement is not fatal and that the mortgage is valid. Accordingly, the Court grants the Defendant's motion for summary judgment and denies the Plaintiffs' cross-motion for summary judgment. The Court declines, however, to award attorney's fees and costs to the Defendant.

## JURISDICTION

The Court has jurisdiction over this adversary proceeding and the pending motions for summary judgment under 28 U.S.C. § 157(b)(2)(K).

## UNDISPUTED MATERIAL FACTS

The Defendant asserts that the following are the undisputed material facts[1]:

1. Plaintiffs Nicholas W. Stanzione and Regina C. Stanzione are the Debtors in the underlying Chapter 13 case. Plaintiff Jan M Sensenich was appointed the Chapter 13 Trustee of the Bankruptcy Estate of these Debtors, duly qualified, and has since been serving in this capacity.
2. The Debtors own real estate at 81 High Street in West Burke, Vermont, as tenants by the entireties.
3. On December 31, 2003, the Debtors obtained a loan from Defendant in the amount of $78,750.00, and granted Defendant a mortgage on their home to secure this loan. This Mortgage Deed (the "Mortgage") was recorded on January 5, 2004, in Book 94 at Pages 554-574 of the Land Records of the Town of Burke. A copy of the Mortgage and of the Promissory Note for the loan was attached to the Complaint.
4. The recorded Mortgage contains an acknowledgement, which appears to have a crimped notary seal, and reads as follows:

    > STATE OF VERMONT                County ss:
    >
    > On this 31st day of December 2003, personally appeared
    >
    > signer(s) and sealer(s) of the foregoing written instrument and acknowledged the same to be his/her/their free act and deed,
    >
    > Before me:
    >
    > My Commission Expires: 02/10/07        /s/ Jay M. Stewart
    >                                         Notary Public

5. Defendant initiated a foreclosure action against the mortgaged property in Caledonia Superior Court, where a motion for default judgment dated March 19, 2007 was stayed by the filing of the Debtors' Chapter 13 case.
6. Jay M. Stewart was a notary at the time the Mortgage was acknowledged by him.

(doc. # 5).

---

[1] The Court notes that the undisputed material facts are reproduced below exactly as they appear in the referenced document, except that the Court has taken the liberty of reformatting the referenced excerpt from the mortgage acknowledgement to have it appear here precisely as it appears in the Mortgage. See attachment #3 to the Complaint.

2

The Plaintiffs accept these to be the undisputed material facts pertinent to this adversary proceeding, with the caveat that paragraph 4, as presented in the Defendant's statement of undisputed facts, did not accurately describe the acknowledgement. They asked the Court to rely on the actual document in order to understand the empty space between the word "appeared" and "signer(s)" (doc. # 8, p. 2). As noted in footnote 1, the Court has modified paragraph 4 so that it reflects the actual appearance of the acknowledgment.

The parties have not included in their Statement of Undisputed Facts a specific reference to the content of the signature page of the Mortgage (see attachment # 3 to the Complaint). The Court finds this page significant, and sets it forth here as a component of the undisputed material facts[2]:

> BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in the Security Instrument and in any Rider executed by Borrower and recorded with it.
>
> Witnesses:
>
> /s/ Jay M. Stewart              Nicholas W. Stanzione   (Seal)
>     *(to both)*[3]               Nicholas W. Stanzione  - Borrower
>
> _____              Regina C. Stanzione     (Seal)
>                              Regina C. Stanzione    -Borrower

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the record shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056. A genuine issue exists only when "the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. See Anderson, 477 U.S. at 247. Factual disputes that are irrelevant or unnecessary are not material. See id. The court must view all the evidence in the light most favorable to the nonmoving party and draw all inferences in the nonmovant's favor. See Cruden v. Bank of New York, 957 F.2d 961, 975 (2d Cir. 1992). In making its determination, the court's sole function is to determine whether there is any material dispute of fact that requires a trial. See Anderson, 477 U.S. at 249; see also Palmieri v. Lynch, 392 F.3d 73, 82 (2d Cir. 2004); Delaware & Hudson Ry. Co. v. Conrail, 902 F.2d 174, 178 (2d Cir. 1990).

In this case, there is no dispute as to any material fact and the parties have stipulated to all of the

---

[2] The Statement of Undisputed Facts refers to the Mortgage and Promissory Note attached to the Complaint, and neither party objected to the validity of the signature page of the document.
[3] The phrase "(to both)" is handwritten, in parentheses, and appears to be in the handwriting of Jay M. Stewart, the person who signed on the line above the handwritten phrase and who also notarized the acknowledgment.

3

material facts. Accordingly, the Court finds that summary judgment is proper.

## DISCUSSION

**I.  Relevant Bankruptcy Law**

The Code provides that a Trustee "shall be able to avoid an obligation if a hypothetical purchaser, buying at the time the bankruptcy proceedings are initiated, would also be able to avoid the obligation." Mortgage Lenders Network, USA v. Sensenich (In re Potter), 313 F.3d 93, 94 (2d Cir. 2002).

> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any other creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by . . . a bona fide purchaser of real property . . . from the debtor . . . that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3). Because "an invalid mortgage fails to impart constructive notice to a subsequent purchaser," Lawlor v. Chittenden Trust Co. (In re Lawlor), 2005 WL 4122833 at * 2 (Bankr. D.Vt. Dec. 15, 2005), and thus allows chapter 13 trustees to avoid such a mortgage under § 544(a), the question that must be answered here is whether the Mortgage provides a subsequent purchaser with constructive notice of the Defendant's interest in the property.

**II.  Validity of Vermont Mortgages**

Vermont law is clear regarding proper execution of an instrument representing an interest in land:

> Deeds and other conveyances of lands, or of an estate or interest therein, <u>shall be</u> signed by the party granting the same and signed by one or more witnesses and acknowledged by the grantor before a town clerk, notary public, master, county clerk or judge or register of probate and recorded at length in the clerk's office of the town in which such lands lie. Such acknowledgment before a notary public shall be valid without an official seal affixed to his or her signature.

27 V.S.A. § 341(a) (emphasis added). Given those statutory provisions, a "deed that is improperly witnessed and acknowledged is invalid." Lakeview Farm, Inc. v. Enman, 166 Vt. 158, 164, 689 A.2d 1089, 1093 (1997). Moreover, "if the only fact evidencing a prior mortgage on a property is the recording of a defective mortgage deed, a subsequent purchaser without actual knowledge of that defective deed would take free and clear of the mortgage's interest." Mortgage Lenders Network, USA v. Sensenich, 177 Vt. 592, 593, 873 A.2d 892, 894 (2004).

This Court has previously determined the validity of approximately a dozen mortgages containing various execution defects, and has found some defects fatal to the validity of the instrument and others not. Compare Eaton v. Homeq Servicing Corp. (In re Eaton), 2006 WL 2645179 (Bankr. D.Vt. Sept. 14, 2006 (holding that mortgage was defective and avoidable by the bankruptcy trustee for lack of acknowledgment); Dion v. P.B. Investment Corp. (In re Dion), 2002 WL 32059029 (Bankr. D.Vt. Nov. 25, 2002) (finding

4

mortgage invalid and unenforceable because the mortgage deed was not witnessed) with In re Fifield, 2005 WL 1463534 (Bankr. D.Vt. June 20, 2005) (holding that although mortgage lacked formalities necessary for validation under prior Vermont law, the amended statute, which reduced formalities, controlled rendering the mortgage valid); Besaw v. CIT Group/Sales Financing, Inc. (In re Besaw), 2004 WL 2280359 (Bankr. D.Vt. Oct. 5, 2004) (holding, under New Hampshire law, that mortgage acknowledgment was valid because acknowledgment on rider was valid and mortgage was viewed as encompassing the mortgage and the rider).

In 2002, this Court catalogued the prior rulings it had entered regarding the role that a proper acknowledgement plays in putting the world on notice of a lienholder's interest in real property:

> This Court has recently ruled that, "[I]nstruments that are deemed defective because of a missing signature fail to impart constructive notice to a subsequent purchaser. . . . Vermont law is clear that an invalid mortgage is not sufficient to put someone on notice and that a deed or mortgage that is improperly witnessed or acknowledged is deemed invalid." In re Potter, No. 00-10595, A.P. No. 01-1031, slip op. at 7 (Bankr. D. Vt. Sept. 21, 2001), aff'd, Mortgage Lenders Network, USA v. Sensenich, No. 1:01CV335, slip op. (D. Vt. Jan. 22, 2002). Indeed, contrary to the Defendants' argument that case law has been eroding this requirement, both state and federal case law is clear that a mortgage not properly witnesse[d] is defective and does not impart constructive notice. The law on this point is longstanding and consistent. See, e.g., Day v. Adams, 42 Vt. 510 (1869)(ruling that a mortgage lacking signatures of witnesses was "defective" under Vermont's recording statute); In re Ryan, 851 F.2d 502 (1st Cir. 1988) (construing Vermont law and finding mortgage deed that lacked requisite signatures of witnesses was defective and could not serve as constructive notice); In re Orf, No. 90-00581, A.P. No. 90-0066, slip op. (Bankr. D. Vt. May 11, 1991) ("The language of [27 V.S.A. § 341]
> leaves no room for doubt that what is required of witnesses to a deed is their signatures as witnesses, not merely to be present at the signing of a deed.").

Dion, 2002 WL 32059029 at *2. In Eaton, this Court addressed the impact of a recent statutory change made by the State Legislature with respect to both the preeminence of state law in resolving disputes such as raised here and the requirements that must be met in order to create a valid mortgage instrument in Vermont:

> "Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." Butner v. United States, 440 U.S. 48, 55 (1979). Hence, the Vermont statute governing real estate conveyances applies to this proceeding.
>
> That statute, 27 V.S.A. § 341(a), clearly sets forth three requirements a mortgage must meet to be valid: it "*shall* be signed by the party granting the same *and* acknowledged by the grantor before a town clerk, notary public, master county clerk, or judge or register of probate *and* recorded at length in the clerk's office of the town in which such lands lie." 27 V.S.A. § 341(a) (2003) (emphasis added). Recently, the Vermont legislature amended the statute to remove the requirement for a witness signature. HomEq asserts that this recent amendment warrants this Court's relaxation of the acknowledgment requirement, but cites no authority in support of this argument. The Court declines to adopt such an approach. The 2003 amendment demonstrates that the

5

> legislature could have removed the acknowledgment requirement, but it did not. The court has an obligation to follow the clear language of the Vermont statute, which mandates a mortgage must be acknowledged in order to be valid.

Eaton, 2006 WL 2645179 at * 2.

None of these cases, however, addresses the type of defect at issue in the Mortgage at bar.

## III.  Application

### A.  The Parties' Arguments

The Plaintiffs' Complaint to Avoid Lien asks the Court to "[d]etermine the validity, priority, and extent of the mortgage" claimed by the Defendant, and to "[i]ssue an Order declaring the Mortgage to be null and void under 11 U.S.C. § 544(a) or 11 U.S.C. § 547(b)" (doc. # 1). As the Defendant points out, both claims "rest on the premise that the acknowledgment of the Mortgage was defective, and both fail if the acknowledgement is adequate to provide constructive notice under Vermont law" (doc. # 5 at p. 3). Therefore, if the acknowledgment is sufficient, that finding would resolve all claims raised in this adversary proceeding.

Both the Plaintiff and the Defendant assert that this Court's analysis in Besaw dictates the result here. In Besaw, the mortgage at issue had been executed in New Hampshire, which required this Court to apply New Hampshire law to determine (a) whether the mortgage and rider constituted a single instrument or two separate instruments; (b) whether the acknowledgement on the mortgage itself (the "first acknowledgement") was fatally flawed by virtue of the fact that it failed to identify the persons who appeared before the notary; (c) whether the complete acknowledgement on the rider document (the "second acknowledgement") was properly construed as an acknowledgement for the entire document; and (d) if so, whether the second acknowledgement could remedy or replace the defective acknowledgement for the mortgage. This Court found that the mortgage and rider constituted a single (integrated) four-page document because they were recorded together. Besaw, 2004 WL 2280359 at * 2. Observing that this unified document contained two acknowledgements, this Court made the following findings regarding the sufficiency of the acknowledgement:

> The second acknowledgment is found on the bottom of the Rider, the third page of the four-page document. In that certificate, the acknowledging parties – the Debtor and Ms. Besaw – are identified. Thus, there is compliance with New Hampshire's requirement that the Debtor and Ms. Besaw, as the persons who are the subject of the acknowledgment, appeared before and acknowledged to Notary LeFleur their execution of the four-page document.

Id. at * 3. The Court concluded that the acknowledgement on the rider acknowledged both the rider and mortgage, that the document's execution substantially complied with New Hampshire's statutory requirements, and that the mortgage against the Besaws' property was valid and enforceable. Id. at * 4.

Citing Besaw, the Defendant asserts that "Besaw cannot be read as a general rule that any unfilled blank in an acknowledgment form renders it void," since the County name was left blank on the

6

acknowledgment, and argues that the case stands "for the proposition that a court should examine the totality of a public record to determine whether an acknowledgement is proper, specifically, holding that the precise location of a notary block is not critical" – an interpretation consistent with the definition of public notice (doc. # 5 at p. 6). The Plaintiffs counter that

> the blank space, where the names of the signers of the document would normally appear, is a fatal flaw in the acknowledgment because it makes it impossible to know, with any certainty, who acknowledged the document. Presumably someone did, but without their names inserted, we do not know who did and therefore the acknowledgement fails to serve its purpose and is therefore meaningless

(doc. # 8 at p. 3).

**B.     Discussion**

The Court finds persuasive the Defendant's argument that the totality of a public instrument determines the sufficiency of an acknowledgment for purposes of constructive notice. The critical issue is constructive notice, and the Defendant points out that under Vermont law "the standard of constructive notice is met if the fact at issue is addressed 'within the four corners' of a public record" (doc. # 5 at p. 6). The Defendant relies upon New England Federal Credit Union v. Stewart Title Guarantee Co., 171 Vt. 326, 765 A.2d 450 (2000) as authority for what constitutes constructive notice in Vermont:

> Constructive notice . . . is "[s]uch notice as is implied or imputed by law, usually on the basis that the information is a part of a public record or file" or "[n]otice with which a person is charged by reason of the notorious nature of the thing to be noticed, as contrasted with actual notice of such thing."

Id. at 335, 765 A.2d at 456 (quoting City of Burlington v. Associated Electric & Gas Servs., Ltd., 164 Vt. 218, 221, 669 A.2d 1181, 1183 (1995)).

Examining the content of the Mortgage, the Court finds that although the failure of the notary to write in the names of the "signers and sealers" in the acknowledgment blank was a flaw, it was not a fatal flaw because a number of items within the four corners of the document shed light on who it was who appeared before the notary and whose signatures he was acknowledging. First, the notary notarized the signatures of Nicholas M. Stanzione and Regina C. Stanzione by signing his name and indicating that he was notarizing "to both" (doc. # 1, attachment 3, p. 15). Each line on which Nicholas and Regina Stanzione placed their notarized signatures is followed by "(Seal)" (identifying them as "Sealer(s)"). Each line also identifies them as "Borrower[s]." Second, the acknowledgement page, which immediately follows the page where the Stanziones' signatures are notarized, specifically identifies the parties (if not the persons) who appeared before the notary. The acknowledgment states that "On this 31st day of December 2003, personally appeared [space] signer(s) and sealer(s) of the foregoing written instrument and acknowledged the same to be his/her/their free act and deed." public. Thus, while the Stanziones were not specifically identified in the blank space, they were identified on the previous page as "signer(s) and sealer(s) of the foregoing written

7

instrument," and the acknowledgment acknowledges that those aforementioned "signers and sealers" of the Mortgage appeared before the notary. Third, the notary also "witnessed" the two Debtors' signatures (on page 20 of the Mortgage). This Court is bound by state law to determine whether the text within the four corners of the document provide constructive notice, and finds that, under the facts and circumstances presented here, they do.

The Plaintiffs assert that since the Legislature has, over the last 25 years, whittled away the formalities required to create a valid mortgage, a proper acknowledgment is more important than ever.[4] They add that if the only remaining formality for conveying real estate in Vermont is eviscerated to the point of waiving the requirement that the notary specifically identify who is acknowledging "the foregoing instrument," the constructive notice requirement will have lost all meaning (doc. # 8 at pp. 7-8). While the law continues to provide that a mortgage must be acknowledged in order to be valid, that requirement has not been challenged in this case. Applying the precedents cited above and relying upon the pronouncements of the Vermont Supreme Court concerning constructive notice, this Court finds that the notary unquestionably refers to the Debtors as the parties who signed and acknowledged the Mortgage. As a corollary, the Court finds that the Plaintiffs have not met their burden of showing that the Mortgage fails to provide constructive notice of the Defendant's interest in the Debtor's property. Hence, the Plaintiffs are not entitled to avoid the Mortgage under 11 U.S.C. § 544.

Therefore, the Court finds that the Defendant is entitled to judgment as a matter of law with respect to the validity of the Mortgage.

## IV.    Attorney's Fees

The Defendant also seeks an order imposing fees and costs in this proceeding upon the Plaintiffs, based upon the language in Section 9 of the Mortgage. This provision states that if there is a legal proceeding that might affect the Lender's interest in the property, including, as examples, a proceeding in bankruptcy for enforcement of a lien, then the Lender may protect its interest in the property and its rights under the Security Instrument, and that any amounts disbursed by the Lender shall become additional debt of the Borrower under the security agreement. (doc. # 1, attachment 3 at p.9). Among the actions that the Lender could pursue to protect its interests are "paying reasonable attorney's fees." Id.

The Plaintiffs have not filed any response to the Defendant's request for attorney's fees. Nevertheless, the Court denies the request for a number of reasons. First, it was within the Defendant's control to have the acknowledgment properly executed, and if they had done so, the Debtors would have had no grounds upon which to bring this adversary proceeding. The flaw in the acknowledgment opened the door to this action, and

---

[4] In 1993, the State Legislature reduced the number of witnesses from two to one, see Potter, 313 F.3d at 95, and in 2004 it passed a statute that treated all mortgage deeds as valid, even if they would have been invalid due to a lack of witnesses under prior law, unless certain enumerated circumstances exist." Lawlor, 2005 WL 4122833 at *2.

8

it would be inequitable for the Debtors to be saddled with costs and attorney's fees when it was the Defendant's error in the first instance that raised an issue appropriately litigated in this Court. The provision in question is intended to make the Lender whole in the event the Borrower takes some action that threatens the mortgagee's interest, most typically when the Borrower defaults, and the Lender must go to court to protect its interest. Here, the basis of the litigation was not a default by the Plaintiff - Borrower, but rather sloppy execution by the Defendant - Lender of the key instrument intended to protect it.

Second, this is a question of first impression. Since there is no controlling law, the Court believes an award of costs and attorney's fees would be inequitable. The litigation sought to clarify the legal rights of the parties, not just to protect the Defendant's interest.

Third, Vermont law provides that "an award of attorney's fees in a mortgage foreclosure action is discretionary" even where the mortgage deed contains an agreement authorizing an imposition of attorney's fees in this type of situation. Retrovest Assocs., Inc. v. Bryant, 153 Vt. 493, 501, 873 A.2d 281 (1990). In Retrovest, the Vermont Supreme Court referred to 12 V.S.A. § 4527 where "the court in which the complaint is brought shall allow such fee as in its judgment is just." Although the court was referring to a foreclosure action, it was interpreting an attorney's fees provision in the mortgage deed similar to the one here and, given the reasoning above, where the action was initiated due to an error committed by the Defendant, this Court finds it would be unjust to grant an award of costs and attorney's fees.

Finally, even if the Court were to find that the Defendant's efforts in this adversary proceeding fall within the realm of protecting the Defendant's interests, and that pursuant to Section 9 of the Mortgage, it is entitled to be paid for its reasonable attorneys fees incurred in connection with this adversary proceeding, the Court would decline to award attorney's fees based upon the Defendant's failure to meet its burden to demonstrate that the fees it seeks are reasonable. The Court addressed this issue in In re Laraway, 2004 WL 1047779 (Bankr. D.Vt. Apr. 13, 2004), interpreting the same provision in another contract, and found that due to the absence of a detailed itemization in support of the fees requested, the Court could not assess the reasonableness of the request and hence could make no award. See id. at * 3. Quoting In re S.T.N. Enters., Inc., 70 B.R. 823 (Bankr. D.Vt. 1987), the Court opined

> '[t]he attorney applying for legal fees in bankruptcy bears the burden of proving the reasonableness of the fees. In order to sustain this burden, the applicant must present a carefully detailed application and supporting documentation.' Id. at 832. Therefore, an attorney's fees application must clearly identify each discrete task billed, indicate the date the task was performed, identify the precise amount of time spent on the task and by whom it was done, as well as the person's hourly rate. See id. at 832.

Laraway, 2004 WL 1047779 at *3. In Laraway, the movant provided some proof of its fees but in a manner that the Court could not determine whether the fees were reasonable. As a consequence, the Court did not

award attorney's fees or costs under the mortgage at issue. Id. at * 3. In this case, the Defendant's failure to articulate in detail the legal services performed, the time spent on each task performed, the amount of the fees it requests and the basis upon which it claims such fees to be reasonable, mandates a denial of the request.

Accordingly, the Court denies that portion of the Defendant's motion for summary judgment that seeks an award of attorney's fees and costs.

## CONCLUSION

Although the Mortgage acknowledgement should be clearer and should specifically identify the parties who signed and acknowledged it by name, in the absence of a specific Vermont statute articulating the criteria for a sufficient acknowledgement, the Court's primary focus herein must be whether the Mortgage is sufficient to provide constructive notice of the mortgagee's interest in the property. The Court finds that when taking into consideration the entire contents of the Mortgage, the instrument provides constructive notice of the Defendant's interest in the property and therefore that the defect in the acknowledgement does not subject the Mortgage to avoidance under the strong arm provisions of the Bankruptcy Code. See 11 U.S.C. § 544.

For the reasons set forth above, the Court grants the Defendant's motion for summary judgment as to the validity of the Mortgage, denies the Defendant's request for costs and attorney's fees, and denies the Plaintiffs' cross-motion for summary judgment.

September 24, 2007  
Rutland, Vermont

Colleen A. Brown  
United States Bankruptcy Judge

10